# EXHIBIT "A"

FILED
LUCAS COUNTY

2018 JAN -5 AM 11: 05

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS

**IN THE COURT OF COMMON PLEAS, LUCAS COUNTY, OHIO**
**CIVIL DIVISION**

**G-4801-CI-0201801055-000**
**Judge**
**DEAN P. MANDROS**

Copy

**JAMES WATKINS**
**2660 Whiteway**
**Toledo, OH 43606**

**Plaintiff,**

**v.**

**ALLSTATE INSURANCE**
**Claims Great Lakes Northeast in MI**
**Attention Lynn Fields**
**PO Box 660328**
**Dallas, TX 75266-0328**

**and**

**CITY OF TOLEDO FIRE DEPARTMENT**
**% City of Toledo Department of Law**
**Toledo Municipal Court Building**
**555 N. Erie Street**
**Toledo, OH 43604**

**Defendant.**

**Case No.**
**JUDGE ____________________**
**PLAINTIFF'S COMPLAINT WITH JURY DEMAND ENDORSED HEREON**

**First Claim**

1. The Defendant Allstate Insurance is engaged in the business of writing casualty insurance within the State of Ohio.

2. In consideration of a premium paid to the defendant Allstate Insurance by Plaintiff, the defendant Allstate Insurance agreed to insure and indemnify the plaintiff under an insurance policy numbered 0992411027, in the event that the plaintiff should sustain a loss to their real estate located at 2344 Robinwood Avenue, Toledo, OH 43620. A copy of the Insurance Policy is not attached hereto since the plaintiff does not have a copy).

3. On or about February 7, 2017 the plaintiff suffered a fire loss damaging and totally destroying the insured residence and all personal property at 2344 Robinwood Avenue, Toledo, OH 43620.

4. The real property and personal property at 2344 Robinwood Avenue, Toledo, OH 43620 were insured for this fire loss by the defendant Allstate.

5. The plaintiff suffered a total loss of 2344 Robinwood Avenue, Toledo, OH 43620 and all of the personal property therein.

6. Plaintiff has notified the defendant Allstate timely and has timely performed all conditions required of him.

7. The Plaintiff and agents of the Defendant Allstate met at 2344 Robinwood Avenue, Toledo, Ohio to observe the destruction of the residence and the personal property that could be identified. The Defendant Allstate told the Plaintiff that they would secure the area so that the parties could try and identify any personal property remaining.

8. The defendant Allstate did not secure the area and the City of Toledo or others removed and hauled all of the remaining structure and personal property to some unknown dump, leaving nothing for either Allstate or the Plaintiff to see.

9. Defendant Allstate has refused to honor and pay to the plaintiff the amounts that are

stipulated in the contract of insurance.

10. The Plaintiff does not have a copy of the Policy which was in force at the time of the fire and has requested that Allstate provide it but no such policy has been provided to the Plaintiff.

**Claim Two (Bad Faith)**

11. Plaintiff re-alleges paragraphs one (1) through ten (10) as if fully rewritten herein.

12. Defendant Allstate has refused to honor and pay the loss claims of the Plaintiff in a timely manner without just cause and in bad faith.

13. The Defendant Allstate owes a duty of fair dealing and good faith to the Plaintiff in the investigation and handling of the plaintiff's claim. At all material times herein the Defendant Allstate knew that the claims of the Plaintiff was valid and should have been paid promptly and the Defendant Allstate unreasonable delay in the payment of said claims was without justification.

14. At all times mentioned herein the Defendant Allstate acted wrongfully and in breach of its duty of good faith and fair dealing, and its conduct toward the Plaintiff has been willful, wanton, malicious, arbitrary, capricious, outrageous, intentional, in bad faith and designed to injure and damage the Plaintiff and as such, constitutes an independent wrongful tort by the Defendant against the Plaintiff.

15. As a result of the Defendant's wrongful delay in honoring the Plaintiff's claim, the Plaintiff has suffered humiliation, loss of interest on the funds due them, have had to employ an attorney, and have incurred attorney fees and legal expenses in an effort to secure the benefits that they were entitled to receive by the terms of the policy.

16. Defendant has refused to honor and pay the loss claims of the plaintiff in a timely manner

without just cause and in bad faith.

17. Defendant Allstate has not had such building or structure examined by his or its agent, and a full description thereof made, and its insurable value fixed, by such agent as required by the Ohio Revised Code.

18. In its Examination Under Oath the attorney for defendant Allstate told the Plaintiff that if he could not know nor remember the age of any personal item destroyed in the fire he should guess.

19. In its Examination Under Oath the attorney for defendant Allstate told the Plaintiff that the age of all the items of personal property was absolutely necessary for the defendant Allstate to establish the actual cash value but never mentioned the condition of the item being part of the establishment of the actual cash value.

20. The denial of coverage was partially due to the age of various items may have been inaccurate.

21. All of the Plaintiff's personal property that he did not take to Las Vegas was destroyed and/or taken by the City of Toledo and due to the defendant Allstate failing to take any measures to protect the property as it promised to do.

22. The defendant Allstate failed in its duty, promises and representations made by the defendant Allstate to the Plaintiff.

**Claim Three City of Toledo Fire Department**

23. Plaintiff re-alleges paragraphs one (1) through twenty two (22) as if fully rewritten herein.

24. On or about February 7, 2017 the City of Toledo Fire Department was dispatched to the Plaintiff's residence 2344 Robinwood Avenue, Toledo, OH 43620 for a fire in progress.

25. Upon arriving the City of Toledo Fire Department at 2344 Robinwood Avenue, Toledo, OH 43620 the third floor of 2344 Robinwood Avenue, Toledo, OH 43620 was burning.

26. The defendant fire department brought a front end loader to the scene and proceeded to destroy 2344 Robinwood Avenue, Toledo, OH 43620 before a reasonable effort to extinguish was made.

27. The Toledo City Fire Department was negligent by destroying 2344 Robinwood Avenue, Toledo, OH 43620 and/or intentionally caused 2344 Robinwood Avenue, Toledo, OH 43620 and its contents to be totally destroyed.

28. 2344 Robinwood Avenue, Toledo, OH 43620 was reduced to a pile of rubble and buried the personal property in 2344 Robinwood Avenue, Toledo, OH 43620.

29. Within a couple of days the City of Toledo had the pile of rubble created by its Fire Department hauled away and disposed of making it irretrievable by the Plaintiff.

30. The Defendant City of Toledo took the property of the Plaintiff and did not compensate him for such taking.

31. The defendant Allstate pursuant to its insurance contract may be subrogated to some or all of any recovery against the City of Toledo Fire Department.

32. The defendant Allstate was advised and by this claim is advised of its potential subrogation rights.

33. To this date the defendant Allstate has not pursued its subrogation rights.

**WHEREFORE,** plaintiff prays for all costs incurred herein and damages against the Defendants and:

Claim One; compensatory damages of more than $600,000.00 plus interest from the date of

the loss from Defendant Allstate;

Claim two; compensatory damages in excess of $25,000.00, punitive damages in excess of $25,000.00 and attorney fees jointly and severally from Defendant Allstate;

Claim three; compensatory damages in excess of $600,000.00, punitive damages in excess of $25,000.00 and attorney fees from Defendant City of Toledo Fire Department;

plus interest and costs incurred herein.

Steven E. Hillman (0002578)
Attorney for Plaintiff
8581 Crail Ct.
Dublin, Ohio 43017
Tel. (614) 766-6346
Fax. (614)-766-6418
Cell (614) 562-9313
Email; law@stevenhillman.com

**JURY DEMAND**

A jury of eight (8) is demanded to try all issues in this case.

Steven E. Hillman (0002578)